

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 3:18-209-MGL |
| § | |
| JONATHAN XAVIER CRAFT, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION**

Pending before the Court are Defendant Jonathan Xavier Craft's (Craft) motions for compassionate release. Having carefully considered the motions, the response, the replies, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Craft pled guilty to possession with intent to distribute and distribution of a quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851.

At sentencing, Craft received a total offense level of thirty-one and seventeen criminal history points, which resulted in a criminal history category of VI. Together, this meant Craft's Guideline range was 188 to 235 months. Based on Craft's status as a career offender, the Court sentenced him to 204 months of imprisonment, followed by six years of supervised release. He has a projected release date of July 31, 2032.

Craft recently filed these motions for compassionate release. The government responded, and Craft replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.

### III. STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances enumerated in paragraphs (1) through (4); and (6) in certain scenarios, where the defendant has received an unusually long sentence. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13(b) (U.S. Sent'g Comm'n 2024).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

IV.     **DISCUSSION AND ANALYSIS**

As an initial matter, the government acknowledges Craft has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus proceed to consider the merits of his motions.

   A.     ***Whether Craft presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)***

      1.     ***Whether Craft has presented extraordinary and compelling reasons based on the length of his sentence***

Craft first argues his sentence is unusually long, as the maximum sentence for a defendant selling less than one gram of crack cocaine with his criminal history category is thirty-seven months. He relies upon U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Craft received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

### 2.     *Whether Craft has presented extraordinary and compelling reasons based on the catch-all category*

Craft next maintains he is entitled to a sentence reduction based on the policy statement's catch-all category.

As the Court explained above, in addition to the enumerated extraordinary and compelling reasons, the policy statement contains a catch-all category. Under this category, extraordinary and compelling reasons exist where the defendant "presents any other circumstances or combination of circumstances . . . . similar in gravity to" those "described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Craft asserts (1) federal prosecution resulted in his sentence being enhanced by 168 months based on the Armed Career Criminal Act; (2) the Supreme Court is considering whether a Hobbs Act Robbery qualifies as a predicate crime of violence for career offender purposes; and (3) the Sentencing Commission is contemplating a role adjustment for individuals who perform low-level trafficking functions.

Because Craft was neither designated as an armed career criminal nor convicted of Hobbs Act Robbery, he is unentitled to a reduction based on his first and second contentions. The Court is also unable to consider ineffective amendments to the U.S.S.G., rendering his final assertion unavailing. *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines* (Apr. 30, 2025) (establishing an effective date of Nov. 1, 2025); *United States v. Salazar-Velasquez*, No. 22-7427, 2023 WL 5608092, at *2 (4th Cir. Aug. 30, 2023) ("[T]he district court did not abuse its discretion in failing to consider potential Guidelines amendments that had not been . . . enacted at the time of its decision.").

*****

For all these reasons, the Court holds Craft has failed to demonstrate extraordinary and compelling reasons warranting compassionate release.

**B.     *Whether the Section 3553(a) factors weigh in favor of a sentence reduction***

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Craft's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed—

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;

   (C)   to protect the public from further crimes by the defendant;

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for [the offense] . . . ;

(5)   any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

5

18 U.S.C. § 3553(a).

After coconspirator statements and controlled purchases implicated Craft, law enforcement discovered he possessed crack cocaine with intent to distribute, conspired with others to possess crack cocaine with intent to distribute as early as 2012, and distributed crack cocaine on four occasions between November 2014 and January 2015.  As a result of the foregoing transactions, he was held accountable for 640 grams of crack cocaine.

Craft has an extensive criminal history, which includes convictions for possession with intent to distribute cocaine within proximity of a school; strong-arm robbery; simple possession of marijuana; armed robbery; possession of cocaine; loitering; manufacturing or distributing crack cocaine; resisting arrest; manufacturing, distributing, or producing narcotics; possession of methamphetamine or crack cocaine; malicious injury; refusal to stop on police command; entry onto another's land after notice; driving under suspension; and trespassing.  Indeed, at sentencing, Craft was classified as a career offender under U.S.S.G. § 4B1.1(c).

According to Craft's administrative request to the Bureau of Prisons, he has taken steps to rehabilitate himself while in custody.  Though the Court is pleased with Craft's efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant.  *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Craft is unentitled to a sentence reduction.  His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case.  The Court will therefore deny his motions for compassionate release.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Craft's motions for compassionate release, ECF Nos. 85 and 89, are **DENIED**.  Because the Court has denied Craft's motions, his requests to appoint counsel are necessarily deemed as moot.

Finally, inasmuch as Craft requests the Court award him credit for time served, the Court notes the Bureau of Prisons is responsible for calculating his release date.

**IT IS SO ORDERED.**

Signed this 28th day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
